FbeemaN, J.,
delivered the opinion of the Court.
This is an indictment for rape, alleging “that Lewis Hill, (colored,) late of said county, (of Greene,) on the 12th day of July, A. D., 1871, as to-wit in the county aforesaid, unlawfully, forcibly, violently and feloniously did make an assault upon one Sarah M. Malone, in the peace of the State then and there being, and he, the said Lewis Hill, did then and there unlawfully, forcibly and feloniously have unlawful carnal knowledge of her, the said Sarah M. Malone, against the will of the said Sarah M. Malone.”
The jury convicted the said Hill, and he was sentenced to 18 years’ confinement in the Penitentiary. He filed reasons in arrest of judgment, which are now insisted on for reversal here.
The first is, “that the indictment is defective, and bad in this, that it does not show that the person on whom the offense is alleged to have been committed, was a female.
Rape is defined by the Code, § 4610, to be the unlawful carnal knowledge of a woman forcibly and against her will. Section 4611 is, whosoever is convicted of the rape of any female of the age of ten years or upwards, *319 sliall undergo imprisonment in the Penitentiary not less than ten nor more than twenty-one years. We have no question that the indictment sufficiently charges the fact, that the party injured was a female, as the pronoun, her, distinctly indicates the sex.
The second objection is, The indictment is uncertain and bad in this, that it does not show that the person on whom the offense is charged to have been committed, was a female over the age of ten years.
We do not think this objection is tenable. It is true, the offense of unlawfully and carnally abusing a female child under ten years of age, is not rape, but only punishable as rape: Code, see. 4614; but the offense alleged in this indictment, is the having unlawful carnal knowledge of Sarah Malone. This is a charge of a rape upon her in clear and unmistakable language. If the party was under ten years of age, it would be matter of defense, and might be shown by defendant as such. It certainly can not be maintained, that an indictment shall negative all the grounds of defense that might be presented by defendant, or negative the commission of any other offense of similar character. It need only affirmatively charge facts that make out, if proven, the offense of which the party is sought to be convicted.
This indictment would have been good at common law; see Waterman’s Archb., vol. 2, 304; and the Code does not on any sound principle of construction, change the allegations required in such cases.
It is next insisted, that the case should be reversed on the facts. After careful examination of the facts of *320 the case, wé do not feel authorized to disturb the verdict on this ground. It is true, the principal witness, Miss Malone, is shown to be of bad character and unworthy of credit; but, on looking at the testimony, she is corroborated in her statement, by the fact, that, in a very short time after the occurrence, _ she told of the outrage — ■ told of 'the time and place — and pointed out the marks on her throat, where the print of fingers were still seen by the witnesses, with scratches, the blood still oozing out of them, in the language of one witness. In addition to this, in a short time, she sought a warrant for arrest of the defendant.
The verdict of a jury in a case of felony, raises a presumption of guilt against the prisoner, and we must see that the verdict is erroneous, before we can reverse on the facts. t
A jury with the witnesses before them, under a proper charge of the court, have found the defendant guilty, and we can not see from the proof in this case, that they have erred in their conclusion.
The case will be affirmed.